In the Matter of CHICAGO, ROCK IS-
LAND AND PACIFIC RAILROAD
COMPANY, Debtor.

No. 75 B 2697.

United States District Court,
N.D. Illinois, E.D.

Dec. 11, 1987.

Michael D. Flynn, Brobyn & Forceno, Philadelphia, Pa., for George and Delores Furry.

. Daniel R. Murray, Jenner & Block, Chicago, Ill., for Chicago Pacific Corp., successor to the Chicago, Rock Island and Pacific R.R.

## MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

This cause is before the court on the petition of the Chicago Pacific Corporation ("CPC") for injunctive relief. CPC asks this court to enjoin George and Delores Furry, plaintiffs in the case *George Furry and Delores Furry v. Chicago Pacific Corporation, et al.*, No. 86-0-987, from prosecuting that matter, which is now pending in the United States District Court for the District of Nebraska. For the following reasons, CPC's petition is granted.

CPC is the successor corporation to the Chicago, Rock Island and Pacific Railroad ("Rock Island"). The Rock Island entered reorganization under Section 77 of the Bankruptcy Act of 1898, formerly 11 U.S.C. Section 205, on March 17, 1975. This court presided over the reorganization until June 1, 1984, the date of the consummation of the Rock Island reorganization. ' The consummation order provided that claims not assumed by the CPC were discharged. Under the terms of the consummation order, the CPC assumed all timely claims. The court defined timely claims as those that had been asserted against the Rock Island estate by April 12, 1984. Claims not so asserted were barred. Orders of this court, as well as Bankruptcy Rule 8-401(b)(5), required that proofs of claim be filed with this court.

The consummation order further provided that this court would reserve jurisdiction in order to, among other things, take actions necessary to carry out the reorganization plan and consummation order. Pursuant to this reservation of jurisdiction, CPC now petitions this court for injunctive relief.

In their complaint, plaintiffs George and Delores Furry seek relief for injuries allegedly suffered by George Furry while he worked for the Rock Island from 1957 through 1979. Plaintiffs claim, *inter alia,* that during his employment, George Furry was exposed to asbestos as a result of the negligence of the Rock Island. Further, plaintiffs allege that George Furry suffers from an asbestos-related injury of which he had no awareness prior to 1984. Until that time, George Furry also claims that he was unaware of any dangers to health connected with asbestos.

█ Plaintiffs did not file a claim with this court prior to the April 12, 1984 cutoff date. Moreover, they did not bring the Nebraska claim which is the subject of this petition until November 25, 1986. Nonetheless, plaintiffs argue that their cause of action is not barred, because diagnosis of George Furry's injury did not occur until after the bar date.

However, CPC correctly asserts that plaintiffs' claim cannot ensue on the ground that the Rock Island reorganization proceeding was, in substance, a liquidation. This court adopts this reasoning as enunciated in *In re Erie Lackawanna Railway Company,* 803 F.2d 881 (6th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 2463, 95 L.Ed.2d 872 (1987). In *Erie Lackawanna,* the court enjoined assertion of asbestos-related claims which did not become manifest until after the consummation date of defendant's reorganization. The court based this result upon a determination that the restructuring of defendant resembled a liquidation, in that the debtor's previous business of operating a railway line ceased to exist. 803 F.2d at 884–85. Like the debtor in *Erie Lackawanna,* the Rock Island sought reorganization under Section 77 of the Bankruptcy Act of 1898, 11 U.S.

C. Section 205. This court on January 25, 1980 ordered the Rock Island trustee to cease efforts at reorganization and to begin liquidation. On June 2, 1980, the system-wide abandonment of the Rock Island lines was ordered. *See In re Chicago Pacific Corp.,* 773 F.2d 909, 911 (7th Cir. 1985). Both the liquidation order and the abandonment order were affirmed by the Seventh Circuit. *In re Chicago, Rock Island & Pacific R.R. Co.,* 645 F.2d 77 (7th Cir.1981), *cert. denied sub nom. RLEA v. Gibbons,* 454 U.S. 823, 102 S.Ct. 110, 70 L.Ed.2d 96 (1981); *In re Chicago, Rock Island & Pacific R.R. Co.,* 672 F.2d 920 (7th Cir.1981). Therefore, as in *Erie Lackawanna,* no debtor remains here against whom plaintiffs may proceed. *See Erie Lackawanna,* 803 F.2d at 882.

Respondents here attempt to distinguish *Erie Lackawanna* by noting that the general unsecured creditors were issued new Erie common stock in satisfaction of their claims. *Erie Lackawanna,* 803 F.2d at 882. However, the court notes that Rock Island bondholders and debenture holders received CPC stock and that representatives of both groups were placed on CPC's Board of Directors. *See* CPC's Exhibit M, Plan of Reorganization, Sections 4.2, 7.1. Therefore, as in *Erie Lackawanna,* creditors received shares in the new entity.

Accordingly, this court does not find *Erie Lackawanna* distinguishable and adopts that court's approach. The court therefore need not address the issue of whether plaintiffs' claims were discharged under the consummation order. *See Erie Lackawanna,* 803 F.2d at 882, n. 1.

█ The court also agrees with CPC that plaintiffs' due process argument fails. Plaintiffs argue that their claim is not time-barred because the Trustee did not give them personal notice of the bar date. However, the court finds that plaintiffs were not creditors known to the Rock Island prior to the bar date. In fact, plaintiffs' main defense against CPC's petition is that they did not know of their claim prior to that time. Plaintiffs cannot have it both ways. Nonetheless, plaintiffs argue that the Rock Island knew that its employ-

ees had suffered asbestos exposure and therefore that the Rock Island knew of their potential claims. However, the court does not find, in the absence of any indication that a particular claim would ensue, that plaintiffs can be classified as potential creditors. A trustee has no duty to give notice, other than publication, to non-creditors. *See Matter of Chicago, Rock Island & Pacific R. Co.*, 788 F.2d 1280, 1283 (7th Cir.1986). Notice by publication was provided in the reorganization plan. *See In re Chicago Pacific Corp.*, 773 F.2d 909, 911–12 at n. 4 (7th Cir.1985).

Therefore, the court holds that CPC did not abridge plaintiffs' due process rights. For the foregoing reasons, the court thus finds that plaintiffs cannot assert their claim against CPC, and plaintiffs George and Delores Furry are enjoined from further prosecution of their claims against the Chicago Pacific Corporation.